UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

BERNARDO VARGAS-ADAMES (D-1),

    Defendant.

_____/

Case No. 08-20548

Honorable Nancy G. Edmunds

**ORDER DENYING DEFENDANT'S MOTION
FOR REDUCTION OF SENTENCE [198]**

Defendant Bernardo Vargas-Adames is currently in the custody of the Federal Bureau of Prisons ("BOP") at the Federal Correctional Institution Oakdale II in Louisiana. The matter is before the Court on Defendant's motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). (ECF No. 198.) The government opposes the motion. (ECF Nos. 203, 204.) The Court has reviewed the record in its entirety and finds that a hearing is not necessary. For the reasons set forth below, the Court DENIES Defendant's motion without prejudice.

**I.**     **Background**

On December 10, 2019, Defendant pleaded guilty to Count One of the Third Superseding Information in this case, which charged him with distribution of 100 grams or more of heroin in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(1). (ECF No. 165.) On April 30, 2020, the Court sentenced Defendant to a term of 48 months of

1

imprisonment.[1]  (ECF No. 174.)  On February 2, 2021, Defendant moved for post-conviction relief under 28 U.S.C. § 2255.  (ECF No. 189.)  That motion remains pending before the Court.

Defendant's projected release date is April 23, 2022.  (ECF No. 203-2.)  Defendant now moves for a reduction of sentence due to his age (60); his medical conditions, which he states include high blood pressure, high cholesterol, arterial sclerosis, heart disease, and tuberculosis; and the pandemic.  Defendant also notes he has served over 75% of his sentence, as well as the fact that he will be deported to the Dominican Republic after completion of this sentence due to an immigration detainer.  Finally, Defendant makes assertions regarding the alleged inadequacy of the BOP's handling of the pandemic at his facility.  The government opposes Defendant's motion and has submitted his medical records, which indicate Defendant recently completed his treatment for tuberculosis and is fully vaccinated against the COVID-19 virus.  (*See* ECF No. 204, filed under seal.)

II.     **Analysis**

Under § 3582(c)(1)(A), a defendant may move to modify his term of imprisonment "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ."  The Sixth Circuit has held that this exhaustion requirement is mandatory and "must be enforced" when "properly invoked."  *See United States v. Alam*, 960 F.3d 831, 834 (6th Cir. 2020) (internal quotation marks and citation omitted).

---

[1] Defendant's guideline range was 70 to 87 months with a mandatory minimum of 60 months.  Because Defendant qualified for a safety valve, however, he was eligible for a sentence below the mandatory minimum.

Here, Defendant states he submitted a request for his release at his prior institution, but he has not presented any evidence that substantiates this claim. And the government states the BOP has no record of a request for compassionate release from Defendant. Thus, the Court finds Defendant has not met his burden of showing he has satisfied the exhaustion requirement. Because the government objects on this basis, Defendant's motion for compassionate release is denied without prejudice. *See Alam*, 960 F.3d at 836.

But even if Defendant had satisfied the exhaustion requirement, the Court would not grant him the relief he seeks. Prior to granting a sentence reduction under § 3582(c)(1)(A), the Court must consider the sentencing factors in 18 U.S.C. § 3553(a) to the extent that they are applicable. These factors include the defendant's history and characteristics, the seriousness of the offense, the need to promote respect for the law and provide just punishment for the offense, general and specific deterrence, protection of the public, and the need to avoid unwarranted sentencing disparities. *See* § 3553(a).

Here, the Court found the sentencing factors warrant Defendant's 48-month sentence a little over one year ago. The Court noted at the time that the underlying offense was "very serious," involving "the trafficking in a large amount of heroin." (ECF No. 196, PgID 2002.) Due in part to many of the factors Defendant cites to now, including Defendant's age, the pandemic, and the fact that he is going to be deported back to the Dominican Republic, however, the Court ultimately imposed a sentence well below the guideline range. (*Id.* at PgID 2003-04.) Defendant has not presented anything that would counsel in favor of an even shorter sentence. In fact, because Defendant is now fully vaccinated against the COVID-19 virus, the virus poses an even smaller risk to him than

it did at the time of his original sentencing. In sum, a sentence reduction would not be consistent with the § 3553(a) factors.

III. **Conclusion**

For the foregoing reasons, Defendant's motion is DENIED without prejudice.

SO ORDERED.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: July 13, 2021


I hereby certify that a copy of the foregoing document was served upon counsel of record on July 13, 2021, by electronic and/or ordinary mail.

s/Lisa Bartlett
Case Manager