UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff-Respondent,

v.

BERNARDO VARGAS-ADAMES,

    Defendant-Petitioner.

Case No. 08-20548

Honorable Nancy G. Edmunds

_____/

**OPINION AND ORDER DENYING DEFENDANT'S MOTION UNDER
28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE [189]**

This matter comes before the Court on Defendant-Petitioner Bernardo Vargas-Adames' pro se motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. (ECF No. 189.) The government opposes the motion. (ECF No. 197.) For the reasons set forth below, the Court DENIES Defendant's § 2255 motion.

**I.     Background**

Defendant pleaded guilty to Count One of the Third Superseding Information in this case, which charged him with distribution of 100 grams or more of heroin in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(1). (ECF No. 165.) Defendant's guideline range was 70 to 87 months of imprisonment with a mandatory minimum of 60 months. Because Defendant qualified for the safety valve, however, he was eligible for a sentence below the mandatory minimum. On April 30, 2020, the Court sentenced Defendant to a term of 48 months of imprisonment. (ECF No. 174.) After filing this timely motion for

post-conviction relief under § 2255, Defendant also filed a motion for a reduction of sentence under 18 U.S.C. § 3582(c)(1)(A), but that motion was denied. (ECF No. 205.)

## II.  Standard of Review

Under § 2255(a), "[a] prisoner in custody under sentence of a [federal] court . . . claiming the right to be released . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." To prevail on a § 2255 motion, the petitioner must allege: "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003) (quotation marks and citation omitted); *see also Anderson v. United States*, 246 F. Supp. 2d 758, 760 (E.D. Mich. 2003).

## III.  Analysis

Defendant argues he is entitled to relief because his counsel was ineffective for a number of reasons. A defendant has a right to "reasonably effective assistance" of counsel. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To establish an ineffective assistance of counsel claim, the defendant must prove both that 1) "counsel's performance was deficient" and 2) "the deficient performance prejudiced the defense." *Id.* The first prong "requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* The second prong "requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.*

"[T]here is a strong presumption that legal counsel is competent." *United States v. Osterbrock*, 891 F.2d 1216, 1220 (6th Cir. 1989). In addition, "[a] reviewing court must

give a highly deferential scrutiny to counsel's performance, making every effort to evaluate counsel's conduct from his or her perspective at the time the conduct occurred." *Ward v. United States*, 995 F.2d 1317, 1321 (6th Cir. 1993). "The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. The defendant bears the burden of proof on both prongs of the analysis. *Id.* at 687.

Here, Defendant claims counsel did not discuss or share the contents of the sentencing memorandum with him. Defendant also asserts there were numerous errors in the pre-sentence investigative report. More specifically, he states the date of his arrest and his age, addresses, and places of residence were reflected incorrectly. He also argues that his sentence was inconsistent with that of his co-defendant, Angel Contreras, and counsel failed to raise this issue. Defendant also argues counsel should "have lobbied for further downward departure" in light of the safety valve he qualified for.

A review of the record reveals that many of Defendant's assertions are false. For example, Defendant asserts counsel did not inform the Court he was arrested on July 12, 2018 rather than November 30, 2018 as the pre-sentence investigative report stated.[1] However, Defense counsel informed the Court at sentencing that Defendant had spent several months in a prison in Dominican Republic before he was extradited to the United States and noted that at the time, Defendant had already been incarcerated for twenty-

---

[1]To the extent Defendant's assertions may be construed as an argument regarding the computation of his sentence, it is the United States Attorney General through the Bureau of Prisons, not the sentencing court, that has the authority to compute sentencing credits. *See United States v. Wilson*, 503 U.S. 329, 335 (1992); *McClain v. Bureau of Prisons*, 9 F.3d 503, 505 (6th Cir. 1993).

two months.  (ECF No. 196, PageID.1994; *see also* ECF No. 168, PageID.1595.)  Defense counsel also noted both in his sentencing memorandum and at sentencing that Defendant met the criteria for the safety valve.  He also emphasized that two others who participated in the same drug trafficking organization received nominal sentences—one received a sentence of one day with time served and the other received probation—and requested a comparable sentence—more specifically, a sentence of time served.  (ECF No. 196, PageID.1994-95; ECF No. 168, PageID.1592-95.)  While the Court was not persuaded by this argument, finding that Defendant was not similarly situated to Mr. Norton and Mr. Contreras in part because they had cooperated more fully, (ECF No. 196, PageID.2002), Defendant received a sentence well below the guideline range.  And while the clerical errors in the pre-sentence investigative report appear to be minor and Defendant does not explain how they impacted his sentencing, the record shows that Defense counsel advised the probation department that his client had pointed out some clerical errors in the report, (ECF No. 197-1), and repeated this both in his memorandum and at sentencing, (ECF No. 168, PageID.1584; ECF No. 196, PageID.1993).

In sum, Defendant has not shown that his counsel's performance was deficient.  But even if Defendant could satisfy the first *Strickland* prong, he cannot establish that any deficiencies prejudiced his defense in light of the below guideline sentence he ultimately received.  Thus, Defendant has not met the high burden of demonstrating ineffective assistance of counsel.

**IV.     Request for Evidentiary Hearing**

Defendant requests the Court hold an evidentiary hearing in connection with this motion.  After reviewing the briefs and materials submitted by the parties and the entire

4

record in this case, the Court finds an evidentiary hearing is not needed because "the record conclusively shows that the petitioner is entitled to no relief." *See Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007) (quotation marks and citation omitted).

**V.     Certificate of Appealability**

Federal Rule of Appellate Procedure 22(b) provides that a petitioner cannot take an appeal in § 2255 proceeding unless a certificate of appealability is issued under 28 U.S.C. § 2253(c). Rule 11 of the Rules Governing Section 2255 Proceedings requires that a "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." To receive a certificate of appealability, "a petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quotation marks and citation omitted).

Because Defendant has not shown that reasonable jurists could debate whether his petition should have been resolved in a different matter, the Court denies him a certificate of appealability.

**VI.    Conclusion**

Based on the foregoing, IT IS ORDERED that Defendant's motion for post-conviction relief is DENIED WITH PREJUDICE. IT IS FURTHER ORDERED that a certificate of appealability is DENIED.

SO ORDERED.

s/Nancy G. Edmunds  
Nancy G. Edmunds  
United States District Judge

Dated: October 12, 2021

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 12, 2021, by electronic and/or ordinary mail.

                                                s/Lisa Bartlett
                                                Case Manager